**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**KARLA TODD,**

                         **Petitioner,**
          **vs.**                                             **9:08-CV-1209**
                                                                 **(NAM)**

**SUPERINTENDENT, Beacon Correctional**
**Facility,**

                         **Respondent.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**APPEARANCES:**                              **OF COUNSEL:**

Law Office of Theresa M. Suozzi           Theresa M. Suozzi, Esq**.**
480 Broadway
Suite 218
Saratoga Springs, NY 12866
Attorney for Petitioner


Hon. Andrew M. Cuomo                      Thomas B. Litsky, Esq.
New York State Attorney General           Assistant Attorney General
120 Broadway
New York, NY 10271
Attorney for Respondent

**NORMAN A. MORDUE, Chief United States District Judge**

### MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Petitioner Karla Todd, a New York State prison inmate as a result of a 2006 conviction

following her guilty plea to the crime of attempted criminal facilitation in the second degree, has

commenced this proceeding seeking federal habeas relief pursuant to 28 U.S.C. § 2254.   In the

habeas application filed by counsel on behalf of petitioner, Todd asserts three separate grounds in

support of her request for federal habeas intervention.  *See* Habeas Corpus Petition (Dkt. No. 1)

("Petition").  Respondent has answered Todd's petition, arguing both that as a procedural matter

Todd's petition is untimely and additionally that the grounds advanced in the pleading lack merit.

*See* Respondent's Memorandum of Law in Opposition to Petition (Dkt. No. 7) ("Resp. Mem.").

The Court finds that although Todd's petition was timely filed, the substance of her claims

does not entitle her to the relief she seeks by the present application.  This Court therefore denies

her habeas application with prejudice.

## II.      BACKGROUND

### A.      State Court Proceedings

The state court records reflect that on October 12, 2005, Todd, knowing that Jeffrey Moore

was armed with a firearm and wished to kill Alan Kuhn, intentionally and knowingly engaged in

conduct which provided Moore with the means or opportunity to commit the crime of murder in

the second degree, by providing him with transportation from Fine, New York to Canton, New

York and thereafter leaving Moore in close proximity to Kuhn's residence.  *See* Dkt. No. 6-2, Exh.

A at p. 36.  Moore then shot and killed Kuhn – who was the father of one of Todd's children – and

Moore later committed suicide by shooting himself.  *Id.*

By Indictment No. 2006-168, a St. Lawrence County Grand Jury charged Todd with

Criminal Facilitation in the Second Degree (contrary to N.Y. Penal Law § 115.05), and Making a

Punishable False Written Statement (in violation of N.Y. Penal Law § 210.45).  *See* Dkt. No. 6-2 at

pp. 28-29 ("Indictment").

On December 14, 2006, following negotiations between Todd's counsel and the St.

Lawrence County District Attorney, Todd appeared before St. Lawrence County Court Judge

Jerome J. Richards and pleaded guilty to Attempted Criminal Facilitation in the Second Degree,

with the understanding that she would receive an indeterminate sentence of one and one-third to

2

four years in prison in full satisfaction of the charges against her in the Indictment. *See* Transcript

of Change of Plea (12/14/06) ("Plea Tr.") at p. 2. At that time, Judge Richards engaged in a

colloquy with Todd which established that she was knowingly, intelligently and voluntarily

pleading guilty to the charge. *Id.* at pp. 5-9. The court then accepted her guilty plea. *Id.* at p. 9.

On April 23, 2007, in accordance with the terms of her guilty plea, the County Court

sentenced petitioner to an indeterminate prison term of one and one-third to four years. *See*

Transcript of Sentencing of Karla Todd (4/23/07) at p. 17. Todd did not file a direct appeal

regarding her conviction, however on December 31, 2007, she filed, through counsel, a motion to

vacate her judgment of conviction pursuant to New York Criminal Procedure Law ("CPL"),

Section 440.10 ("CPL Motion"). *See* Petition at ¶ 4. By Order dated February 21, 2008, Judge

Richards denied Todd's CPL Motion in its entirety. *See* Dkt. No. 6-2 at pp. 134-36 ("February,

2008 Order"). On June 25, 2008, the New York State Supreme Court, Appellate Division, Third

Department denied Todd's application for leave to appeal the February, 2008 Order. *See People v.

Todd*, No. 101803 (3d Dept. June 25, 2008).

### B.     This Action

On November 10, 2008, counsel filed a petition seeking a writ of habeas corpus on behalf

of Todd. *See* Petition. In such pleading, counsel argues that Todd's conviction should be

vacated because: i) the plea was involuntary; ii) she received the ineffective assistance of trial

counsel; and iii) her sentence was "harsh and excessive." *Id*.

The Office of the Attorney General for the State of New York, acting on respondent's

behalf, subsequently filed an answer and memorandum of law in opposition to the petition, and has

provided the Court with various records associated with the relevant state court proceedings. Dkt.

3

Nos. 5-7.  In opposing Todd's petition, respondent initially argues that it was not timely filed by her within the one year limitations period that governs federal habeas petitions.  *See* Resp. Mem. at p. 11-15.  Respondent alternatively contends that the claims raised in the petition are without merit.  *Id.* at pp. 15-25.

## III.   DISCUSSION

### A.   Timeliness of Petition

Enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") brought about a number of changes to the prisoner litigation landscape.  One of those was the institution of a one-year statute of limitations for habeas corpus petitions filed after April 24, 1996. 28 U.S.C. § 2244(d).[1]

In light of respondent's claim that this action was not timely commenced by Todd, the Court briefly reviews the chronological history of petitioner's state court proceedings.

Under New York law, a criminal defendant has thirty days after imposition of sentence to file a notice of appeal with the Appellate Division.  *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d

---

[1] That section provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> *        *        *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Cir. 2002) (per curiam) (citing CPL § 460.10(l)(a)).  As noted above, Todd was sentenced by the

trial court on April 23, 2007.  Since she did not file an appeal of that conviction or sentence, her

conviction became final, for purposes of calculating the commencement of the AEDPA's

limitations period, on Wednesday, May 23, 2007.  *E.g.*, *Bethea*, 293 F.3d at 578 (AEDPA's

"one-year limitations period began running ... when [petitioner's] time for filing a notice of appeal

from his judgment of conviction expired") (citing CPL § 460.10(1)).  Thus, in light of the one year

statute of limitations imposed by the AEDPA, Todd was required to have filed her habeas corpus

petition by May 23, 2008 for such application to have been timely filed, unless the limitations

period was tolled by the filing of a state court challenge regarding her conviction.

As noted above, Todd filed her CPL Motion on December 31, 2007.  By that time, 222

days of the AEDPA's limitations period had already run.  The filing of that application, however,

tolled the AEDPA's statute of limitations.  *See* 28 U.S.C. § 2244(d)(2).  Such tolling continued

until June 25, 2008, the day the Third Department denied Todd's application for leave to appeal the

denial of her CPL Motion.  Thus, Todd had one hundred forty-three days from that date, or until

Monday, November 17, 2008, within which to timely file her federal habeas corpus petition.  Since

Todd's counsel filed the present action on November 10, 2008, same was timely commenced and

this matter cannot be dismissed on the theory that this action is barred by the applicable statute of

limitations.

The Court therefore considers the merits of Todd's habeas application.

**B.**       **Substance of Todd's Petition**

**1.**       **Applicable Standard of Review**

In addition to creating a statute of limitations that governs habeas corpus petitions, the

AEDPA also imposed significant new limitations on the power of a federal court to grant habeas

relief to a state prisoner under 28 U.S.C. § 2254.  In discussing this deferential standard, the

Second Circuit noted in *Jones v. West*, 555 F.3d 90 (2d Cir. 2009) that:

> a federal court may grant a writ of habeas corpus for a claim that has
> previously been adjudicated on the merits by a state court only if the
> adjudication of the claim:
>
>> (1) resulted in a decision that was contrary to, or
>> involved an unreasonable application of, clearly
>> established Federal law, as determined by the
>> Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the
>> evidence presented in the State court proceeding.

*Id.* at 96 (quoting 28 U.S.C. § 2254(d)); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir.

2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. LeFevre*, 246 F.3d 76,

88 (2d Cir. 2001).  In providing guidance concerning application of this standard, the Second

Circuit has noted that:

> [A] state court's decision is "contrary to" clearly established federal
> law if it contradicts Supreme Court precedent on the application of a
> legal rule, or addresses a set of facts "materially indistinguishable"
> from a Supreme Court decision but nevertheless comes to a different
> conclusion than the Court did.  [*Williams v. Taylor*, 529 U.S. 362,] at
> 405-06 [(2000)]; *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir.
> 2001)....  [A] state court's decision is an "unreasonable application
> of" clearly established federal law if the state court "identifies the
> correct governing legal principle from [the Supreme] Court's
> decisions but unreasonably applies that principle to the facts" of the
> case before it. *Williams*, 529 U.S. at 413.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams*, 237 F.3d at 152 (citing

*Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining

whether the state court's determination was merely incorrect or erroneous, but instead whether

such determination was "objectively unreasonable." *Williams*, 529 U.S. at 409; *see also Sellan v.*

*Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001).  "While the precise method for distinguishing

objectively unreasonable decisions from merely erroneous ones is somewhat unclear, it is

well-established in this Circuit that the objectively unreasonable standard of § 2254(d)(1) means

that petitioner must identify some increment of incorrectness beyond error in order to obtain

habeas relief." *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007) (internal quotation marks and

alteration omitted).  That increment, however, "need not be great; otherwise habeas relief would be

limited to state court decisions so far off the mark as to suggest judicial incompetence." *Overton v.*

*Newton*, 295 F.3d 270, 277 (2d Cir. 2002) (internal quotation marks omitted).

### 2. Substance of Todd's Claims

#### (a) Validity of Guilty Plea

Todd's first ground argues that because her guilty plea was involuntarily obtained, it must

be set aside. *See* Petition at p. 6.  In support of this claim, she argues that she was "rushed" into

entering the guilty plea, and that same was entered "under a great deal of pressure from her

attorney." *Id.* at p. 8.  She contends that "[u]pon information and belief ... counsel continuously

threatened appellant that she could receive several years [*sic*] state prison if she did not accept the

plea offer, and never even mentioned a possible suppression issue regarding her written or oral

statements to the police." *Id.* at pp. 8-9.  Petitioner further argues that "counsel had [Todd] waive

her right to appeal without realizing the ramifications of this waiver, as [she] had no idea what that

really meant, or what important legal issues she may be giving up to raise on appeal by this

'waiver' as counsel never explained any of it to her." *Id.* at p. 9.

7

###### i.      **Clearly Established Supreme Court Precedent**

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)); *see also Godinez v. Moran*, 509 U.S. 389, 400 (1993); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (plea is valid when it is both knowingly and voluntarily made); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969) (United States Constitution requires that guilty plea be knowingly and voluntarily entered).

###### ii.      **Contrary To, or Unreasonable Application of, Clearly Established Supreme Court Precedent**

A number of Todd's claims challenging the propriety of her guilty plea are squarely contradicted by the transcript of the proceeding wherein she entered that plea before Judge Richards.

For example, although petitioner now alleges that she was pressured by her attorney to enter a guilty plea, at the time she entered her plea, she assured the trial court that no one had made any threats or promises to induce her to plead guilty to the crime, and acknowledged that she was "voluntarily and of [her] own free choice pleading guilty to the reduced count of ... attempted criminal facilitation in the second degree." *See* Plea Tr. at pp. 4-6.  Next, although petitioner argues that counsel "never even mentioned a possible suppression issue regarding her written or oral statements to the police," *see* Petition at p. 9, this claim fails to recognize the fact that at the plea hearing, Todd acknowledged that as part of the plea agreement, she agreed to "withdraw[] [her] request for a suppression hearing."  Plea Tr. at p. 4.  Additionally, her claim that she was unaware of the ramifications of her waiver of her right to file an appeal is belied by the fact that at

the plea hearing, she acknowledged that she was waiving her appellate rights, and informed the

court that she understood that "by signing th[at] document [she was] giving up all of [her] rights to

appeal." *Id.* at p. 7.

Sworn statements at a change of plea hearing "carry a strong presumption of verity," *United*

*States v. Carreto*, 583 F.3d 152, 158 (2d Cir. 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74

(1977)), and a court reviewing a belated claim of innocence following a guilty plea must draw all

permissible inferences in favor of the government and against the defendant. *See United States v.*

*Couto*, 311 F.3d 179, 186 (2d Cir. 2002) (quoting *United States v. Maher*, 108 F.3d 1513, 1530 (2d

Cir. 1997)); *see generally Ferrer v. Superintendent*, 628 F.Supp.2d 294, 308 (N.D.N.Y. 2008)

(Mordue, C.J.).

Since the evidence before the Court establishes that Todd knowingly, intelligently and

voluntarily entered the guilty plea she now challenges in the present action, her first ground for

relief is denied.

### **(b)     Ineffective Assistance of Trial Counsel**

In her next ground, Todd argues that she received the ineffective assistance of trial counsel.

Petition, Ground Two.

### **i.     Clearly Established Supreme Court Precedent**

The Sixth Amendment to the United States Constitution provides that:  "[i]n all criminal

prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his

defence."  U.S. Const., Amend. VI.  To establish a violation of this right to the effective assistance

of counsel, a habeas petitioner must show both:  i) that counsel's representation fell below an

objective standard of reasonableness, measured in the light of the prevailing professional norms;

9

and ii) resulting prejudice that is, a reasonable probability that, but for counsel's unprofessional

performance, the outcome of the proceeding would have been different.  *Strickland v. Washington*,

466 U.S. 668, 688-90 (1984); *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("the legal principles

that govern claims of ineffective assistance of counsel" were established in *Strickland*).

##### ii.        Contrary to, or Unreasonable Application of, Clearly Established Supreme Court Precedent

Todd cites various theories in support of her ineffective assistance claim.  Specifically, she

contends that:  (a) trial counsel[] fail[ed] to inform [Todd] of any of her legal rights before or

during the plea proceedings, or throughout his representation; (b) Todd "did not understand the

lasting ramifications of waiving her right to appeal, or the dire effects that a felony record would

have on her future;" (c) "upon information and belief, [Todd] was never informed by her counsel

that she had a right to a pretrial suppression hearing to challenge the legality of the oral and written

statements that she gave to the police;" (d) "[u]pon information and belief, counsel never explained

any of her defenses to her whatsoever, nor discussed with her the requirement that the prosecution

prove every element of the offense beyond a reasonable doubt at trial;" (e) Todd "had no time to

think before being rushed into the plea agreement without fully realizing the consequences;" (f)

"trial counsel[] fail[ed] to explore or investigate any potential defenses, such as the intoxication

defense, rather then [*sic*] just telling him [*sic*] to plead guilty;" (g) "counsel failed to properly move

to suppress [Todd's] oral and written statements; " (h) "upon information and belief, counsel failed

to properly interview witnesses or do any investigation in this case at all;" and (i) petitioner was

"misled to believe she had no choice but to plead guilty."  *See* Petition, Ground Two.

The transcript of Todd's plea before Judge Richards, however, plainly refutes many of

petitioner's claims.

Petitioner's claim that trial counsel failed to inform Todd of any of her legal rights before or during the plea proceedings is contradicted by the fact that at her change of plea, petitioner acknowledged that she was aware of many of the rights that she would have enjoyed if she had proceeded to trial, but that she was voluntarily waiving those rights by entering her guilty plea, and that she had had "enough time to discuss the plea and its consequences with [defense counsel] before offering it to the Court."  *See* Plea Tr. at pp. 4-6.  Claims regarding Todd's alleged failure to understand the consequences of her right to appeal are belied by the fact that she specifically advised the County Court that she was aware of the rights she was waiving by executing that appellate waiver. *Id.* at p. 7.

Next, with respect to the claims in this ground which are premised upon petitioner's counsel's "information and belief," the Court notes that such counsel has wholly failed to discuss, state or otherwise indicate the source of the "information" upon which counsel has based such claims.  Thus, Todd's counsel has necessarily invited this Court to speculate that her "belief" as to the substance of these claims warrants the granting of Todd's habeas corpus petition.  The Court, however, declines this invitation and notes that habeas courts cannot grant the Great Writ of habeas corpus based upon unsubstantiated conclusions, opinions or rank speculation.  *Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (federal courts may not grant "habeas relief on the basis of little more than speculation with slight support"); *see Osinoiki v. Riley*, CV-90-2097, 1990 WL 152540, at *2-3 (E.D.N.Y. Sept. 28, 1990) (conclusory statements based on speculation "are inadequate to satisfy petitioner's burden") (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *Dory v. Commissioner of Correction*, 865 F.2d 44, 45 (2d Cir.1989) (per curiam)) (other citations omitted); *see also Williams v. Burge*, No. 02-CV-0695, 2005 WL 2179423, at *16

11

(N.D.N.Y. Aug. 15, 2005) (Peebles, M.J.), *adopted Williams v. Burge*, No. 02-CV-0695, Dkt. No. 35 (N.D.N.Y. Dec. 7, 2005) (Hurd, D.J.).

Next, petitioner's claims that she was "rushed" into entering the guilty plea and did not realize the consequences of such plea are severely undermined by the fact that at the plea hearing before the County Court, she represented to Judge Richards that she:  (a) understood the terms of her guilty plea; (b) had no questions about her plea agreement; (c) was pleading guilty "voluntarily and of your own free choice," and (d) she was "very" satisfied with the services of her counsel. *See* Plea Tr. at pp. 3-7.  Nor has petitioner offered facts supporting her claim that defense counsel failed to explore or investigate any potential defenses, including an intoxication defense, or that Todd was misled into believing that she had no choice but to plead guilty.  This Court therefore finds that Todd has not met her burden of proof as to these claims.  *See Moss v. Phillips*, No. 03-CV-1496, 2008 WL 2080553, at \*6 (N.D.N.Y. May 15, 2008) (Kahn, J.) (citing *Gillis v. Edwards*, 445 F.Supp.2d 221, 233 (N.D.N.Y. 2006) (McCurn, S.J.)).

Finally, as is discussed more fully *ante*, petitioner's claims regarding counsel's alleged failure to discuss with Todd, or file with the County Court, an application seeking the suppression of her pretrial statements to law enforcement agents is utterly without merit because a motion seeking the suppression of those statements was, in fact, filed by trial counsel.  *E.g.*, Plea Tr. at pp. 3-4.

Todd has failed to demonstrate that her trial counsel rendered ineffective assistance under any of the theories asserted by counsel in this action.  She has *a fortiori* therefore not demonstrated that Judge Richards' decision rejecting these claims, *see* February, 2008 Order, is either contrary to, or represents an unreasonable application of, *Strickland* and its progeny.  The Court therefore

denies Todd's second ground for relief.

### (c)      **Harsh and Excessive Sentence**

In her final ground seeking habeas intervention, Todd asserts that the imposed sentence of

one and one third to four years imprisonment is unduly harsh and excessive.  *See* Petition, Ground

Three.

This claim, however, fails to acknowledge the established authority which holds that "[n]o

federal constitutional issue is presented where ... the sentence is within the range prescribed by

state law."  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citing *Underwood v. Kelly*, 692

F.Supp. 146 (E.D.N.Y. 1988), *aff'd mem.*, 875 F.2d 857 (2d Cir. 1989)); *see also Brown v.*

*Donnelly*, 371 F.Supp.2d 332, 343-44 (W.D.N.Y. 2005); *Jackson v. Lacy*, 74 F.Supp.2d 173, 181

(N.D.N.Y. 1999) (McAvoy, C.J.) ("[i]t is well-settled ... that a prisoner may not challenge the

length of a sentence that does not exceed the maximum set by state law").

Petitioner has conceded that the imposed sentence did not exceed the maximum term

permitted by law – in her petition she candidly acknowledges that the sentence was "***nearly*** the

maximum sentence authorized by law."  *See* Petition at ¶ 40.  Thus, this Court cannot grant Todd's

habeas application based upon a claim that the sentence is unconstitutionally harsh and excessive.

Arguably, this ground could be construed as a claim that the imposed sentence constitutes a

violation of the Eighth Amendment to the United States Constitution, which prohibits the

imposition of a sentence that is "grossly disproportionate to the severity of the crime."  *Rummel v.*

*Estelle*, 445 U.S. 263, 271 (1980).  However, "[o]utside the context of capital punishment,

successful challenges to the proportionality of particular sentences have been exceedingly rare."

*Rummel*, 445 U.S. at 272; *see Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) (Eighth

Amendment only forbids only sentences which are "grossly disproportionate" to the crime).  A

sentence of imprisonment which is within the limits of a valid state statute is simply not cruel and

unusual punishment in the constitutional sense.  *Brumfield v. Stinson*, 297 F.Supp.2d 607, 622

(W.D.N.Y. 2003) (citing *Thompson v. Lord*, No. 97-CV-0792, 2002 WL 31678312, at \*8

(N.D.N.Y. Nov. 8, 2002) (Peebles, M.J.) [, *adopted*, *Thompson v. Lord*, No. 97-CV-0792 (Dkt. No.

19) (N.D.N.Y. Sept. 25, 2003) (Scullin, C.J.)] (other citations omitted).

Todd has not provided anything to the Court which indicates that the sentence imposed on

her arising out of her role in assisting Moore kill Kuhn is "grossly disproportionate" to the crime to

which she pleaded guilty.  *E.g.*, *Harmelin*, 501 U.S. at 995.  This Court therefore finds no basis

upon which it may properly find that Todd is entitled to habeas relief due to the sentence she

received following her guilty plea and accordingly denies this final ground upon which her habeas

application is based.

## C.    Certificate of Appealability

Finally, the Court notes that 28 U.S.C. § 2253(c) provides, in relevant part that:

> Unless a circuit justice or judge issues a certificate of appealability,
> an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in
>> which the detention complained of arises out of
>> process issued by a State court ....[2]

28 U.S.C. § 2253(c)(1)(A).  A Certificate of Appealability may only be issued "if the applicant has

made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).

Since petitioner has failed to make such a showing herein, the Court declines to issue any

---

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  *See* Fed.R.App.P. 22(b).

14

Certificate of Appealability in this matter.

**WHEREFORE**, after having reviewed the state court record, the documents submitted by the parties in conjunction with this action, the applicable law, and for the reasons discussed herein, it is hereby

**ORDERED** that Todd's petition (Dkt. No. 1) is **DENIED** and **DISMISSED**, and it is further

**ORDERED** that the Clerk of Court serve a copy of this Memorandum-Decision and Order upon the parties to this action, and it is further

**ORDERED** that any state court records that were not filed in this action be returned directly to the Attorney General at the conclusion of these proceedings (including any appeal of this Memorandum-Decision and Order filed by any party).

A Certificate of Appealability shall not be issued by this Court.

**IT IS SO ORDERED.**

Date:   December 30, 2009

Norman A. Mordue
Chief United States District Court Judge